STATE FARM FIRE & CASUALTY COMPANY, Plaintiff-Appellee, v. PIERRE HOLECZY *et al.*, Defendants-Appellants.

First District (5th Division)   No. 86—1391

Opinion filed February 20, 1987.

James E. Ocasek, of Robert J. Cooney & Associates, of Chicago, for appellants.

Stephen E. Sward and Sheryl J. Manning, both of Rooks, Pitts & Poust, of Chicago, for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from summary judgment in an action for a declaration of rights under a policy of insurance issued to defendants by plaintiff.

The facts giving rise to this litigation are undisputed. On May 28, 1981, three-year-old Pierre Holeczy sustained serious injuries to his leg when he came in contact with the blade of a riding lawn mower being operated by his brother, Robert, to mow the family lawn. On September 9, 1981, an action was instituted on behalf of Pierre by his father, defendant Leslie Holeczy, against the manufacturer of the mower, Toro Sales, Co., which in turn filed a third-party complaint contribution against Leslie, his wife Zora, and Robert, their son, alleging that various acts of negligence by them were the proximate causes of Pierre's injuries. The Holeczys tendered the defense of Toro's third-party action to plaintiff, State Farm Fire & Casualty Co. (State Farm), under their homeowner's insurance policy, which provided liability coverage for bodily injury and property damage claims against the insured. State Farm retained counsel to defend the Holeczys, but advised them that it nevertheless reserved its rights to deny coverage, and shortly thereafter, it instituted this action seeking a declaration that it was not obligated to defend or indemnify them with respect to Toro's contribution claim by reason of a clause in the policy excluding personal liability coverage for bodily injury to the named insured or to relatives and certain other members of the insured's household (the household exclusion clause). After a hearing on the parties' cross-motions for summary judgment, the trial court entered judgment in favor of State Farm, and this appeal followed.

OPINION

■ The Holeczys first contend that (a) in the context of the facts presented, the household exclusion clause is inapplicable on its face because the claim for which insurance is sought is not one for "bodily

injury to an insured" but, rather, arises out of an injury to a noninsured (Toro) and (b), in the alternative, that the absence of any specific references in the policy regarding the existence or exclusion of coverage for contribution claims creates an ambiguity therein requiring construction in favor of such coverage.

The applicability of household or family exclusion provisions in policies of liability insurance to third-party actions for contribution from the insured for injuries to a member of the insured's household was first addressed in this State in *State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 432 N.E.2d 1204, a decision followed by the courts in *State Farm Mutual Automobile Insurance Co. v. Palmer* (1984), 123 Ill. App. 3d 674, 463 N.E.2d 129; *Allstate Insurance Co. v. Odeh* (1984), 126 Ill. App. 3d 85, 466 N.E.2d 1269; *Economy Fire & Casualty Co. v. Green* (1985), 139 Ill. App. 3d 147, 487 N.E.2d 100; and *Country Mutual Insurance Co. v. Jacobus* (C.D. Ill. 1985), 601 F. Supp. 937. Presented with a family exclusion clause substantively identical to the one before us but contained in an automobile liability policy, the *Suarez* court found that it clearly and unambiguously operated to exclude coverage for any liability which might be imposed upon the insured in a counterclaim seeking contribution from him for the injuries sustained by his wife in an automobile collision. In so holding, the court reasoned that the counterclaim for contribution gave rise to joint tort liability between counterclaimant and the insured for bodily injuries to a family member and noted also that if it were not considered a claim arising out of "bodily injuries" but, rather, one for an "excess liability" injury to the third-party seeking contribution, it would be unnecessary to reach the question of whether the exclusion applied because the policy at issue provided coverage only for bodily injuries and damage to or destruction of property.

The Holeczys contest the applicability of *Suarez* to this case on numerous grounds, arguing initially that we cannot rely on the reasoning therein because the policy definition of "property" was not set out in that opinion, whereas "under the definition of the policy herein, a contribution action is obviously covered." We disagree.

Paragraph 6 of the "Definitions" section of the subject policy succinctly states that "property damage" means "physical injury to or destruction of tangible property." Giving these words their plain and ordinary meaning, it is clear that the policy coverage for property damage does not encompass a monetary or economic loss such as that for which Toro seeks a right of contribution. (See *Sentry Insurance Co. v. S & L Home Heating Co.* (1980), 91 Ill. App. 3d 687, 414

N.E.2d 1218; *Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 294 N.E.2d 7, (both holding that economic losses are "intangibles" not covered under the "property damage" provisions of policies of general liability insurance).) Thus, we need not engage in a lengthy discussion as to whether the claim is one arising out of bodily injuries to Pierre or an economic injury to Toro, as the former is excepted from liability coverage by virtue of the exclusion clause and the latter is not included in the first instance.

■ Anticipating our conclusion, the Holeczys alternatively assert that *Suarez* and its progeny "were overruled by the legislature" through its enactment of section 143.01 of the Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.01), which became effective July 11, 1984, and provides in pertinent part:

"(a) A provision in a policy of vehicle insurance described in Section 4 excluding coverage for bodily injury to members of the family of the insured shall not be applicable when a third party acquires a right of contribution against a member of the injured person's family."

Acknowledging that, as State Farm points out, the policy at issue is designated as a "homeowner's policy," they nevertheless maintain that it is also a policy of vehicle insurance under section 4 of the Insurance Code—which defines vehicle insurance as "insurance against any loss or liability resulting from or incident to the ownership, maintenance or use of any vehicle (motor or otherwise)" (Ill. Rev. Stat. 1985, ch. 73, par. 616)—because among the several types of coverage it provides is insurance against various risks involving vehicles of which, under the language of section 4, a riding mower is a type. They deduce therefrom that even assuming the household exclusion provision at issue can be construed as an intendment to exclude coverage for contribution claims, section 143.01 renders it ineffective.

We note, however, that in addition to the exclusion provision relating to family and/or household members in subsection (g), the "Exclusions" section of the policy also excepts, in subsection (e), liability and medical payments coverage for:

"bodily injuries or property damage arising out of the ownership, maintenance, use, loading or unloading of *** (2) a motor vehicle owned or operated by, or rented or loaned to any insured ***."

In fact, even under the "Coverage B—Personal Property" section, which insures losses of or damage to certain types of personal property, it is specifically stated that there is no coverage for "motorized land vehicles, except for those used to service an insured's residence,

which are not licensed for road use." Thus, whether or not a riding mower can be categorized as a "vehicle" under section 4 of the Insurance Code is immaterial since under the terms of the policy the only vehicle-related casualty for which coverage insurance might be available is one involving a loss of or damage to the mower itself—as an unlicensed service vehicle under the "Personal Property Coverage" provision quoted above. In our view, this singular exception to the general exclusion of coverage for vehicles is insufficient to classify the policy as one of "vehicle insurance" as that term is used in section 143.01(a) in declaring invalid provisions in policies of vehicle insurance excluding coverage for third-party contribution claims against a member of the injured person's family.

■■ Finally, in a lengthy and thought-provoking argument, the Holeczys urge, essentially, that the same reasoning and public policy considerations prompting the legislature to enact section 143.01—and to thereby preclude results such as those reached in *Suarez, Palmer,* and *Odeh* involving household exclusion clauses in automobile liability policies—warrant a ruling by us that such clauses are likewise inapplicable to contribution actions against an insured for which coverage is sought under a homeowner's policy.

Although we find merit in their argument, we are nevertheless constrained to rule against it, adopting instead the position taken by the court in *Country Mutual Insurance Co. v. Jacobus* (C.D. Ill. 1985), 601 F. Supp. 937, a case involving the question of coverage under a farm owner's policy for a contribution claim made against the insured for injuries sustained by his wife in a farming accident. In response to an argument identical to the one made here, the court stated:

> "The equities favoring the position taken by [the proponents] are strong. It is not within the province of this Court, however, to hold that the household exclusion should not apply in this general liability situation. The Illinois courts had previously held that the household exclusion did apply in the case of a motor vehicle contribution claim, [referring to Suarez and Palmer] *** and it took an act of the legislature to change that law. To hold that the household exclusion does not apply to the contribution claim [here] would be to change the law. Such a change is peculiarly within the province of the legislature." 601 F. Supp. 937, 941.

We, like the court in *Jacobus,* believe that, as written, section 143.01(a) applies only to vehicle liability insurance and that to ignore that express limitation on the presumption that the legislature did not

intend it or on the ground that public policy considerations favor its extension to other types of insurance would be to exceed the scope of our authority,

For the reasons stated, we affirm the order granting summary judgment for State Farm.

Affirmed.

LORENZ and PINCHAM, JJ., concur.