COUNTRY CASUALTY INSURANCE COMPANY, Plaintiff-Appellee, v. TAMARA FISHER, Indiv. and as Mother and Next Friend of Thomas Wayne Fisher, a Minor, *et al.*, Defendants-Appellants (Jodi Arndt, Defendant).

Fourth District   No. 4—96—0633

Argued January 22, 1997.—Opinion filed March 5, 1997.

Robert D. Francis (argued), of Dunham, Boman & Leskera, of East St. Louis, for appellants.

Evan H. Johnson (argued) and Michael A. Walsh, both of Erickson, Davis, Murphy, Johnson, Griffith & Walsh, Ltd., of Decatur, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendants Tamara Fisher, individually and as mother and next friend of Thomas Wayne Fisher, a minor, and John Fisher, appeal from a declaratory judgment in favor of plaintiff Country Casualty Insurance Company. This case involves the question of whether an insurance policy issued by plaintiff to cover the Fisher residence also covered an action for contribution against Tamara in the underlying lawsuit based on an injury sustained by Thomas when he was struck by a motor vehicle operated by Jodi Arndt.

The issues are whether (1) the subject homeowner's insurance policy is a policy providing coverage in this case because a vehicle is involved and the household exclusion in the policy violated section 143.01(a) of the Illinois Insurance Code (Code) (215 ILCS 5/143.01(a) (West 1994)); and (2) the household exclusion contained in the policy violates public policy. We affirm.

The complaint in the underlying case alleged that seven-year-old Thomas was struck by an automobile driven by Arndt in the 200 block of Sherman Street in Macon, Illinois, at about 1:45 p.m. on July 27, 1993, while he was in the process of crossing the street. It was alleged that Arndt was negligent in (1) driving at a speed greater than reasonable and proper for conditions, (2) driving at a speed that endangered the safety of others, (3) failing to avoid colliding with a pedestrian, (4) failing to exercise proper precautions upon observing a child, (5) failing to keep a proper lookout to avoid colliding with a pedestrian, and (6) failing to keep an adequate lookout for children on a roadway in a residential area. Count I of the complaint sought damages for the minor's injuries, and count II sought medical expenses incurred by the parents. In her answer, Arndt raised affirmative defenses as to the child's negligence. She also filed a counterclaim for contribution against Tamara alleging that Tamara failed to supervise the child when she had an opportunity to do so, being in her yard in proximity of the occurrence at the time of the occurrence, and failed to train and instruct her minor son to watch for and yield the right-of-way to automobiles on the roadway before attempting to cross the roadway.

According to the declaration sheet, Country Companies home insurance policy No. C12K2370745 insured the premises at 255 East Sherman Street, Macon, Illinois. The policy was in effect on July 27, 1993. The incident occurred on a public street in front of the Fisher premises. No vehicle owned or maintained by the Fishers was involved in this occurrence.

The subject policy provided, in relevant part:

"AGREEMENT

We will provide the insurance described in this policy through the company named on the declarations page, if **you** have paid the premium and have complied with the policy provisions. When **we** refer to the policy, **we** mean **your** policy booklet (titled Home Insurance Policy), the declarations page, applications for insurance, and any endorsements. The coverages **you** have purchased are stated on the declarations page and are subject to the limits of liability, exclusions, conditions, and other terms of this policy.

SECTION 1.

Liability, Coverage A

**We** promise to pay on behalf of an **insured** for damages resulting from **bodily injury** or **property damage** caused by an **occurrence**, if the **insured** is legally obligated. **We** are not obligated to defend an **insured** after **we** have paid an amount equal to the limit of **our** liability. **We** may make any investigation and settle any claim or suit **we** decide is appropriate.

**Medical Payments, Coverage B**

**We** will pay the necessary medical expenses which are incurred within two years from the date of an **occurrence** causing **bodily injury**. By medical expenses **we** mean reasonable charges for medical, surgical, X-ray, dental, ambulance, hospital, professional nursing, funeral services, and prosthetic devices such as artificial substitutes for a limb, eye or tooth. This coverage applies only to:

1. a person on an **insured location** with permission of an **insured**;

2. a person off an **insured location** if the **bodily injury** is caused by (a) a condition in the **insured location** or the ways (such as sidewalks or roadways) which immediately adjoin, (b) the activities of an **insured** or any **residence employee** during the course of that employee's employment by an **insured**, or (c) an animal owned by or in the care of an **insured**; or

3. any **residence employee** of an **insured** during the course of employment by an **insured**."

Immediately following the provisions are a list of exclusions. Only those exclusions relied on by the parties will be discussed.

There was no liability or medical payment coverage for bodily injury or property damage:

"5. arising from the ownership, maintenance, operation, use, loading or unloading of (a) any aircraft, or (b) any **motor vehicle** or **recreational motor vehicle** loaned to an **insured** or which an **insured** owns, rents or operates. Coverage applies on the **insured**

location if the **motor vehicle** or **recreational motor vehicle** is not licensed for road use, or is kept there in dead storage.

This exclusion does not apply to **bodily injury** of **residence employees** resulting from and during employment for an insured except while operating or maintaining aircraft. This exclusion also does not apply to golf carts while being used for golfing purposes."

The policy further provided that there was no liability coverage for "5. **bodily injury** to **you** and, if residents of **your** household, **your** relatives, and individuals under 21 in the care of the preceding persons." On page 4 of the policy, "motor vehicle" and "recreational motor vehicle" are defined as follows:

"**Motor Vehicle** means a motorized land vehicle, trailer, or semi-trailer designed principally for travel on public roads. Under Section 1, the following are also considered motor vehicles when they are being towed by or carried on a motor vehicle:

1. utility, boat, camping or travel trailer;
2. farm implements;
3. farm machinery;
4. **recreational motor vehicles**;
5. any equipment which is designed for use principally off public roads and not licensed for road use.

**Recreational Motor Vehicle** means any motorized vehicle designed for recreation, principally used off public roads, and not licensed for road use."

Following a bench trial, the trial court found the household exclusion was not contrary to public policy; the household exclusion was not invalidated by section 143.01(a) of the Code; and the occurrence did not arise out of the use of a vehicle for which coverage was provided under the terms of the policy. It was ordered that plaintiff was not required to defend Tamara or John in the underlying lawsuit or to indemnify them from any judgment entered against them that arose out of the underlying occurrence.

■ The first issue is whether the subject homeowner's insurance policy is a policy providing coverage in this case because a vehicle is involved and the household exclusion in the policy violated section 143.01(a) of the Code. Section 143.01(a) of the Code provides:

"A provision in a policy of vehicle insurance described in Section 4 excluding coverage for bodily injury to members of the family of the insured shall not be applicable when a third party acquires a right of contribution against a member of the injured person's family." 215 ILCS 5/143.01(a) (West 1994).

The Code classifies vehicle insurance as:

"Insurance against any loss or liability resulting from or

incident to the ownership, maintenance or use of any vehicle (motor or otherwise), draft animal or aircraft. Any policy insuring against any loss or liability on account of the bodily injury or death of any person may contain a provision for payment of disability benefits to injured persons and death benefits to dependents, beneficiaries or personal representatives of persons who are killed, including the named insured, irrespective of legal liability of the insured, if the injury or death for which benefits are provided is caused by accident and sustained while in or upon or while entering into or alighting from or through being struck by a vehicle (motor or otherwise), draft animal or aircraft, and such provision shall not be deemed to be accident insurance." 215 ILCS 5/4(Class 2)(b) (West 1994).

■ The interpretation and construction of an insurance policy are questions of law of which the reviewing court may make an independent determination. *Allstate Insurance Co. v. Eggermont*, 180 Ill. App. 3d 55, 61, 535 N.E.2d 1047, 1049 (1989).

"Generally speaking, if a provision of an insurance contract can reasonably be said to be ambiguous it will be construed in favor of the insured and against the insurer, who was the drafter of the instrument. (*Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376; *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330.) However, if the provisions of the insurance policy are clear and unambiguous there is no need for construction and the provisions will be applied as written. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420; *Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367.) All the provisions of the insurance contract, rather than an isolated part, should be read together to interpret it and to determine whether an ambiguity exists. *Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165; *Cobbins v. General Accident Fire & Life Assurance Corp.* (1972), 53 Ill. 2d 285." *United States Fire Insurance Co. v. Schnackenberg*, 88 Ill. 2d 1, 4-5, 429 N.E.2d 1203, 1205 (1981). If possible, provisions in a contract will be reconciled in order to give effect to all of the contract's provisions. *Butler v. Economy Fire & Casualty Co.*, 199 Ill. App. 3d 1015, 1022, 557 N.E.2d 1281, 1286 (1990).

Defendants argue that the subject policy does provide coverage for injuries arising out of the use of nonmotorized vehicles (bicycles, wagons, *et cetera*). Defendants also point to the provisions that indicate the exclusion does not apply in many instances to the operation of motorized golf carts and motorized boats. It is defendants' argument that, since this policy provides some limited coverage for certain types of vehicles, it is a vehicle policy within the terms of the statute and the household exclusion is invalid. Under the facts of this case, we disagree.

Defendants rely on a dictionary definition of "vehicle." "Vehicle," in this context, is generally defined as "a means of carrying or transporting something: CONVEYANCE: as a: a carrier of goods or passengers ***; *specif*: MOTOR VEHICLE." Webster's Third New International Dictionary 2538 (1993).

■ The language of the statute is the best indication of the legislature's intent, and when that intent can be ascertained from the language of the statute, it will be given effect without resort to extrinsic aids for construction. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822 (1994). There is no rule of construction that allows a court to declare the legislature did not mean what the plain language of the statute says, and it is improper for a court to depart from the plain language by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent. *People ex rel. LeGout v. Decker*, 146 Ill. 2d 389, 394, 586 N.E.2d 1257, 1259 (1992).

Distinguishable from this case are two cases relied on by defendants. In *Allstate Insurance Co. v. Brettman*, 275 Ill. App. 3d 1040, 657 N.E.2d 70 (1995), the injured children were struck by a car while they were riding in a carrier that was being pulled behind a bicycle their mother was walking across a street. In *Eggermont*, a child was injured by a riding lawn mower driven by her brother. In *Eggermont*, the court found that section 143.01(a) of the Code defeated the household exclusion in the policy. However, the court concluded:

> "Lastly, by this holding, we do not, as Allstate argues, hold that a family household exclusion, contained in an insurance policy which also provides some vehicle insurance, is totally inapplicable even where no vehicle is involved in the incident giving rise to the liability of the insured. We only hold that to the extent a policy of insurance, or a part thereof, provides vehicle insurance as defined under Class 2(b) of section 4 [of the Code], and only to such extent, section 143.01(a) [of the Code] applies and renders the household family exclusion contained in the policy inapplicable to third-party suits for contribution against a member of the injured person's family. Ill. Rev. Stat. 1985, ch. 73, par. 755.01(a)." *Eggermont*, 180 Ill. App. 3d at 66, 535 N.E.2d at 1053.

■ Here, the injury-causing vehicle was not an insured vehicle and was not being operated by an insured. The subject policy is a policy of vehicle insurance under the Code only to the extent that it provides coverage relating to certain vehicles, none of which were involved in this incident. Section 143.01(a) of the Code does not invalidate the household exclusion contained in the subject policy

under the facts of this case. It is unnecessary to consider plaintiff's argument that section 143.01(a) ought not invalidate the household exclusion of this policy under any circumstances. See *State Farm Fire & Casualty Co. v. Holeczy*, 152 Ill. App. 3d 448, 452, 504 N.E.2d 971, 974 (1987); *Country Mutual Insurance Co. v. Jacobus*, 601 F. Supp. 937, 941 (C.D. Ill. 1985).

■ The next issue is whether the household exclusion contained in the policy violates public policy. Defendants argue that all household exclusions, whether in a vehicle policy or any other policy, are violative of public policy. This argument has been rejected. *Country Mutual*, 601 F. Supp. at 941. Had the legislature determined a broader prohibition on family exclusion clauses was appropriate, the legislature could have more severely limited their application or abolished them altogether. Household or family exclusion clauses have been upheld and applied "to avoid the possibility of collusive claims in a close, overfriendly and intimate relationship between family members." *Banner Insurance Co. v. Avella*, 128 Ill. App. 2d 471, 475, 262 N.E.2d 791, 793 (1970). An unambiguous clause in an insurance policy will be applied as written unless it contravenes public policy. *Hall v. Burger*, 277 Ill. App. 3d 757, 761, 660 N.E.2d 1328, 1331 (1996).

The public policies that defendants rely on are the need to carefully guard the rights of minors and to protect the family relationship when dealing with a family member's legal rights. In *Cates v. Cates*, 156 Ill. 2d 76, 81-106, 619 N.E.2d 715, 718-29 (1993), the Supreme Court of Illinois extensively discussed the public policy behind the judicially created doctrine of parental-child immunity and the exceptions that had been carved from it by the Illinois courts. The court addressed the concern that its decision "opens the door to litigation between parent and child over ordinary household accidents." *Cates*, 156 Ill. 2d at 106, 619 N.E.2d at 729.

If we accept either of defendants' arguments in this case, an insurance company issuing a homeowner's policy becomes, in effect, an insurer of every motor vehicle on the roadway of this state. That does not appear to have been the intention of the legislature in adopting section 143.01(a) of the Code, nor should it be the public policy of this state.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.