**COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Larry E. JACOBUS, Corrine M. Jacobus, Lear Siegler, Inc., and Royal Industries, Inc., Defendants,**

**and**

**Larry E. JACOBUS, Counterplaintiff,**

v.

**COUNTRY MUTUAL INSURANCE COMPANY, Counterdefendant.**

**No. 84–1383.**

United States District Court, C.D. Illinois, Peoria Division.

Feb. 1, 1985.

James B. Lewis, Peoria, Ill., for plaintiff.

David Stuckel, Peoria, Ill., for Jacobus.

James R. Carter, Peoria, Ill., for Lear and Royal.

## MEMORANDUM OPINION AND ORDER

MIHM, District Judge.

This case was initiated by the filing of a complaint for declaratory judgment by Plaintiff Country Mutual Insurance Company ("Country Mutual"). Country Mutual asserts that it is not obligated under its insurance policy to provide a defense of or pay on behalf of the insured, Larry Jacobus, any sums which Defendant Larry Jacobus may become obligated to pay because of bodily injuries sustained by Defendant Corrine Jacobus on October 6, 1981. This injury is currently the subject of a complaint captioned Corrine M. Jacobus, Plaintiff, v. Lear Siegler, Inc. ("Lear") and Royal Industries, Inc. ("Royal"), Defendants and Third Party Plaintiffs, v. Larry Jacobus, Third Party Defendant, Case No. 83-1086. At issue in this declaratory judgment action is the applicability of a household exclusion clause in a third party contribution action against the insured where the initial cause of action arose from injury to a member of the insured's family.

Case No. 83-1086 arises from a farm machinery accident in which Corrine Jacobus was injured. She filed suit against Lear and Royal for, inter alia, alleged de-

fects in the manufacture and design of the grain auger which she claims proximately contributed to her injury. The Defendants Lear and Royal sought contribution against Larry Jacobus in the underlying action.

Country Mutual is currently defending Larry Jacobus in Case No. 83–1086 while reserving its right to deny coverage pursuant to an exclusion contained in the insurance policy issued to Larry Jacobus. The insurance policy contains an exclusion relating to "bodily injury to you ..." The term "you" is defined as "... the person named on the Declarations Page of this policy and that person's spouse if a resident of the same household." It is admitted by all Defendants that at the time of the grain auger accident, Corrine Jacobus was the spouse of Larry and resided in the same household.

Larry Jacobus filed a counterclaim in this case against Country Mutual alleging that Larry Jacobus demanded and tendered the defense to Country Mutual of the suit filed against him by Lear and Royal in Case No. 83–1086 but that Country Mutual refused to provide a defense to Jacobus. By virtue of its wrongful conduct, Jacobus argues that Country Mutual has waived any claim it may have to deny coverage under the terms of the policy.

The third party complaint in Case No. 83–1086 was filed on August 1, 1984. On that date, a letter to Larry Jacobus' attorney, David Stuckel, from a senior claims representative of Country Mutual raised the question of whether coverage would be afforded under the insurance policy, but stated that the claim would be sent to Country Mutual's home office for review.

On August 10, 1984, attorney Stuckel forwarded suit papers and a notice and acknowledgment of non-waiver of rights executed by Jacobus. Country Mutual, through its senior claims representative, Thomas Johnson, replied to attorney Stuckel's tender of defense in a letter dated August 13. Johnson again indicated that he did not think coverage would be afforded to Mr. Jacobus for the incident, but that a copy of the summons had been sent to the home office for a final determination. Johnson stated that attorney Stuckel would be contacted as soon as that determination was made and that "I would suggest you do whatever you deem necessary to protect your client, Larry Jacobus, on this Summons."

By letter dated August 17, attorney Stuckel informed Johnson that Mr. Jacobus had private counsel and that Jacobus would incur attorney's fees by virtue of the denial of coverage. With an answer to the third party complaint due on August 28, 1984, attorney Stuckel filed an answer on August 24 relying on the statements made in the August 13 letter. On August 22, however, the claims attorney in Country Mutual's home office assigned the defense of the third party action against Larry Jacobus to the law firm of Heyl, Royster, Voelker and Allen. On August 27, attorney Stuckel received a copy of a letter addressed to Jacobus stating that Heyl, Royster, Voelker and Allen would enter an appearance on his behalf. Stuckel states that he himself never received any correspondence indicating that Country Mutual would provide a defense for Jacobus.

Country Mutual and Larry Jacobus have filed cross motions for summary judgment on the complaint, and Larry Jacobus has filed a motion for summary judgment on the counterclaim. Because there are no disputed issues of fact, this case can be resolved on the basis of the motions.

■ Country Mutual did not refuse, wrongfully or otherwise, to defend the third party action against Larry Jacobus in Case No. 83–1086. The letter of August 13, 1984 stated that suit papers had been sent to the home office for a final determination as to coverage and that attorney Stuckel would be notified as soon as the determination was made. The final sentence of that letter, advising attorney Stuckel to do whatever he deemed necessary to protect the interest of his client, cannot be construed as a denial of coverage.

■ Lear, Royal and Larry Jacobus argue that the exclusion set forth in Country Mutual's insurance policy is inapplicable in this contribution suit against the insured by a third party where the initiating cause of action arose from injury to the insured's family member. Larry Jacobus contends that the exclusion sought to be applied by the Plaintiff is violative of § 143.01 of the Illinois Insurance Code, Pub.Act 83–1132, 1984 Ill.Legis.Serv. 27 (West) (to be codified at Ill.Ann.Stat. ch. 73, § 755.01). That section, effective July 11, 1984, reads in relevant part:

"(a) A provision in a policy of vehicle insurance described in Section 4 excluding coverage for bodily injury to members of the family of the insured shall not be applicable when a third party acquires a right of contribution against a member of the injured person's family."

Jacobus argues that the subject policy does provide vehicle insurance coverage and that under Section 4 of the Insurance Code, Ill.Rev.Stat. ch. 73, § 616 (1983), it should be deemed a policy of vehicle insurance although it also insures risks other than those arising out of vehicular accidents.

The first sentence of Section 4 classifies vehicle insurance as "insurance against any loss or liability resulting from or incident to the ownership, maintenance or use of any vehicle (motor or otherwise), draft animal or aircraft." Ill.Rev.Stat. ch. 73, § 616, Class 2(b). The insurance policy issued by Country Mutual to Jacobus contains multiple coverages. Liability coverage is provided against bodily injury of residence or farm employees during their employment for an insured. Coverage A (liability) and Coverage B (medical payments) are excluded where injury arises from any operation of a motor vehicle as that term is defined on page 4 of the policy. The language of § 143.01(a) of the Insurance Code by its very terms is meant to apply to actions for contribution arising out of vehicular injuries. Since the injury to Corrine Jacobus arose out of use of a grain auger, a piece of machinery which is not within the "vehicle" classification of § 4 of the Insurance Code, § 143.01(a) does not apply to damages arising out of the incident complained of in Case No. 83–1086.

Lear and Royal attempt to escape the language and import of § 143.01(a) by arguing that the intent of § 143.01(a) should be extended to this general liability situation since public policy considerations are the same. In *Wirth v. City of Highland Park*, 102 Ill.App.3d 1074, 430 N.E.2d 236, 58 Ill.Dec. 294, 300 (2nd Dist.1981), the court concluded that interspousal tort immunity was not a bar to a suit for contribution by a third party, stating that:

"(E)quity requires that contribution be allowed even where our statute provides for interspousal tort immunity which would bar a direct suit by the plaintiff. Such a rule is consistent with the desirable policy of the equitable distribution of loss among those parties responsible."

In *State Farm Mutual Auto Insurance Co. v. Suarez*, 104 Ill.App.3d 556, 60 Ill. Dec. 305, 432 N.E.2d 1204 (1st Dist.1982), and *State Farm Mutual Insurance Co. v. Palmer*, 123 Ill.App.3d 674, 78 Ill.Dec. 951, 463 N.E.2d 129 (3rd Dist.1984), the courts addressed the question of insurance coverage provided by liability policies in third party actions for contribution arising out of injuries in automobile accidents to other members of the insured's household. *Suarez* and *Palmer* held that the household exclusion in the respective policies would act as a bar to the insurance company's responsibility to defend and ultimately pay should liability be found to exist.

■ Lear and Royal argue that § 143.-01(a) reverses *Suarez* and *Palmer* by making policy exclusions regarding injury to the insured's family inapplicable in a suit for contribution by a third party against a member of the insured's family. Public policy considerations, they argue, mandate the same result in the case at bar. Instead of a family automobile accident and automobile liability policy, this case involves a farm accident and a farm owner's liability policy. Applying the household exclusion

in this instance may result in an out-of-pocket loss to the insured's family. In the area of motor vehicle liability insurance, the legislature has mandated that the family will be protected and covered even in the face of a household exclusion in the policy. Lear and Royal argue that the result should be the same here.

The equities favoring the position taken by Lear and Royal are strong. It is not within the province of this Court, however, to hold that the household exclusion should not apply in this general liability situation. The Illinois courts had previously held that the household exclusion did apply in the case of a motor vehicle contribution claim, see *Suarez* and *Palmer*, supra, and it took an act of the legislature to change that law. To hold that the household exclusion does not apply to the contribution claim in Case No. 83–1036 would be to change the law. Such a change is peculiarly within the province of the legislature.

Larry Jacobus also constructs an argument in favor of coverage based on the extent of damages for "bodily injury" under the terms of the policy. His reasoning is unpersuasive. The language of the household exclusion in Country Mutual's insurance policy is clear and unambiguous. It is taken in its plain, ordinary and popular sense and the exclusion is upheld. See, e.g., *Miller v. Madison Country Mutual Auto Insurance Co.*, 46 Ill.App.2d 413, 415–19, 197 N.E.2d 153 (5th Dist.1964).

Accordingly, it is hereby declared:

1. Country Mutual Insurance Company is not obligated under its Policy # A12L0430521 to provide a defense for Larry E. Jacobus in Case No. 83–1086;

2. Country Mutual Insurance Company is not obligated under its Policy # A12L0430521 to indemnify Larry E. Jacobus for any sums of money which he may become legally obligated to pay as damages because of the bodily injury allegedly sustained by Corrine M. Jacobus.

Case dismissed.