ALLSTATE INSURANCE COMPANY, Plaintiff and Counterdefendant-Appellant, v. NANCY BRETTMAN et al., Defendants and Counterplaintiffs-Appellees (David Rozychi, Defendant-Appellee).

First District (5th Division)   No. 1—93—3205

Opinion filed October 27, 1995.

Steven M. Levy, of Sonnenschein, Nath & Rosenthal, of Chicago, for appellant.

Michael W. Rathsack, of Chicago (Montgomery W. Mackey and Michael W. Rathsack, of counsel), for appellees Nancy Brettman, Jacob Brettman, and Anthony Zara.

JUSTICE GORDON delivered the opinion of the court:

Allstate Insurance Company (hereinafter referred to as Allstate) filed a declaratory judgment action against Nancy Brettman (hereinafter referred to as Brettman), her minor sons, Jacob Brettman and Anthony Zara (collectively referred to as the children), and David Rozychi, seeking a declaration that the homeowner's insurance policy it issued to Brettman imposed no duty upon it to either defend or indemnify her with respect to a contribution counterclaim brought by Rozychi in an underlying personal injury action. Brettman filed a counterclaim against Allstate in which she sought a declaration that it did in fact owe her both a duty to defend and a duty to indemnify relating to Rozychi's counterclaim. Allstate and Brettman together with the children subsequently filed cross-motions for summary judgment. The trial court denied Allstate's motion but granted that of Brettman and the children. Allstate now appeals.

FACTS

The following facts relating to the underlying occurrence and the resultant personal injury action are drawn from Allstate's complaint for declaratory judgment and are undisputed. On October 2, 1991, Brettman was walking a bicycle across 95th Street where it intersects with Leavitt Street in Chicago. The children, Jacob and Anthony, were then in a carrier which was being pulled behind the bicycle. At that time, an automobile driven by Rozychi collided with the bicycle, injuring Brettman, Jacob, and Anthony.

Brettman subsequently filed a complaint against Rozychi on behalf of herself and the children in which damages were sought for the injuries they sustained as a result of the collision. Rozychi answered Brettman's complaint and filed a counterclaim against her, seeking contribution based upon her alleged negligence in causing the injuries to the children.

At the time of the collision, Brettman had in full force and effect an insurance policy entitled "Allstate Deluxe Plus Homeowners Policy" pursuant to which she tendered Rozychi's counterclaim to

Allstate for defense and indemnification.[1] The "Family Liability Protection" coverage in that policy provides in pertinent part as follows:

> "*Allstate* will pay damages which an *insured person* becomes legally obligated to pay because of *bodily injury* or *property damage* arising from an accident and covered by this part of the policy." (Emphasis in original.)

The policy also contains a household exclusion which provides as follows:

> "*We* do not cover *bodily injury* to an *insured person* or *property damage* to property owned by an *insured person* whenever any benefit of this coverage would accrue directly or indirectly to an *insured person*." (Emphasis in original.)

The policy included also a motor vehicle exclusion and exceptions to that exclusion.[2] The phrase "insured person" under both the coverage and exclusion provisions in the policy is defined to encompass any relative of the named insured who is a member of the named insured's household.

Allstate premised its motion for summary judgment upon the household exclusion, contending that the request for coverage relating to Rozychi's contribution counterclaim was a claim for bodily injury which would benefit the children, who are insured persons under the household exclusion. In response, Brettman and the children did not challenge Allstate's contention that coverage of the contribution counterclaim would be barred under the household exclusion[3] but argued that section 143.01(a) of the Illinois Insurance Code (215 ILCS 5/1 *et seq.* (West 1992)) precludes the application of that exclusion to this occurrence. Section 143.01(a) of the Insurance Code provides:

> "A provision in *a policy of vehicle insurance described in Section*

---

[1]Allstate thereupon undertook to provide Brettman with a defense against Rozychi's counterclaim under a reservation of rights.

[2]As noted below, the motor vehicle exclusion, and its exceptions, is identical to the one discussed in *Allstate Insurance Co. v. Eggermont* (1989), 180 Ill. App. 3d 55, 535 N.E.2d 1047. That provision is set out fully later in this opinion in connection with our discussion of the *Eggermont* case.

[3]There is apparent unanimity with respect to the applicability of household exclusions to actions for contribution against named insureds for injuries to members of their households. See, *e.g.*, *State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 559, 432 N.E.2d 1204, 1207 ("An action for contribution in these circumstances is based upon bodily injury to an insured's family member which gives rise to joint tort liability between the contribution-plaintiff and the insured").

4 excluding coverage for bodily injury to members of the family of the insured shall not be applicable when a third party acquires a right of contribution against a member of the injured person's family." (Emphasis added.) (215 ILCS 5/143.01(a) (West 1992).)

Section 4 of the Insurance Code, to which section 143.01(a) refers, purports to describe the class of "vehicle insurance" as:

"Insurance against any loss or liability resulting from or incident to the ownership, maintenance or use of *any vehicle (motor or otherwise), draft animal or aircraft.*" (Emphasis added.) (215 ILCS 5/4(b) (West 1992).)

According to Brettman, since contribution is being sought against her with respect to her use of a bicycle, a nonmotorized vehicle, the provisions of section 143.01(a) of the Insurance Code apply to preclude the application of the household exclusion in this case.

After hearing argument on the cross-motions for summary judgment, the trial judge denied the motion of Allstate and granted that of Brettman and the children. In his ruling, the judge relied upon the second district case of *Allstate Insurance Co. v. Eggermont* (1989), 180 Ill. App. 3d 55, 535 N.E.2d 1047, and distinguished the first district case of *State Farm Fire & Casualty Co. v. Holeczy* (1987), 152 Ill. App. 3d 448, 504 N.E.2d 971, and the Federal case of *Country Mutual Insurance Co. v. Jacobus* (C.D. Ill. 1985), 601 F. Supp. 937.

OPINION

The sole issue presented in this appeal is whether section 143.01(a) of the Insurance Code precluded the application of the household exclusion in Brettman's homeowner's policy with respect to Rozychi's contribution counterclaim. As in all appeals from a summary judgment, we shall review the circuit court's ruling *de novo. Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209; *Country Mutual Insurance Co. v. Anderson* (1993), 257 Ill. App. 3d 73, 78, 628 N.E.2d 499, 502.

Allstate maintains that section 143.01(a) of the Insurance Code applies only to policies of automobile insurance. It further maintains that merely because a homeowner's insurance policy extends liability coverage to nonmotorized vehicles and, under some limited circumstances, to motorized vehicles, such limited vehicular coverage does not render that policy "a policy of vehicle insurance" under section 143.01(a). In that respect we note that the parties, including Allstate, do not dispute that a bicycle is a vehicle within the meaning of section 4 of the Insurance Code. Moreover, Allstate does not dispute that liability for injuries arising from a bicycle accident would otherwise be covered under the family liability protection coverage provided in the policy.

In support of its position Allstate primarily relies upon the first district case of *State Farm Fire & Casualty Co. v. Holeczy* (1987), 152 Ill. App. 3d 448, 504 N.E.2d 971. There, a three-year-old child sustained physical injury when the blade of a riding lawn mower which was then being operated by his brother came into contact with his leg. The injured child's father subsequently filed a lawsuit against the manufacturer of that riding mower, which in turn filed a third-party action for contribution against both of the injured child's parents and his brother. That third-party action was tendered to State Farm Fire & Casualty Company, which had issued a homeowner's policy to the parents under which liability coverage for both bodily injury and property damage was provided. 152 Ill. App. 3d at 449, 504 N.E.2d at 972.

State Farm thereafter filed a declaratory action in which it sought a declaration that it owed neither a duty to defend nor a duty to indemnify on the counterclaim by reason of a household exclusion which precluded liability coverage for bodily injury to the named insureds, their relatives who resided with them, and certain other members of their household. The parties in *Holeczy* subsequently filed cross-motions for summary judgment upon which the circuit court entered judgment in favor of State Farm. 152 Ill. App. 3d at 449, 504 N.E.2d at 972.

On appeal, the insured parents in *Holeczy* maintained that even though their State Farm insurance policy was designated as a "homeowner's policy," it nevertheless was also a "policy of vehicle insurance" within the meaning of section 143.01(a) of the Insurance Code "because among the several types of coverage [the homeowner's policy] provides is insurance against various risks involving vehicles." (152 Ill. App. 3d at 451, 504 N.E.2d at 973.) The insureds therefore argued that under section 143.01(a) the household exclusion in the policy was not applicable.

The appellate court in *Holeczy*, however, disagreed by reason of the fact that the State Farm homeowner's policy there at issue completely excluded any liability coverage for physical injury arising from any type of vehicle accident:

"Thus, whether or not a riding mower can be categorized as a 've-hicle' under section 4 of the Insurance Code is immaterial since under the terms of the policy the only vehicle-related casualty for which coverage insurance might be available is one involving a loss of or damage to the mower itself—as an unlicensed service vehicle under the 'Personal Property Coverage' provision quoted above. In our view, this singular exception to the general exclusion of coverage for vehicles is insufficient to classify the policy as

one of 'vehicle insurance' as that term is used in section 143.01(a) in declaring invalid provisions in policies of vehicle insurance excluding coverage for third-party contribution claims against a member of the injured person's family." 152 Ill. App. 3d at 452, 504 N.E.2d at 973-74.

The insured parents in *Holeczy* argued alternatively that, even if the State Farm policy could not be construed to be a policy of vehicle insurance within the meaning of section 143.01(a), public policy nevertheless would warrant a ruling that household exclusion clauses were inapplicable to contribution actions for which coverage is sought under policies other than those of vehicle insurance. In rejecting that argument, the court stated that it was "adopting instead the position" taken by the district court in *Country Mutual Insurance Co. v. Jacobus* (C.D. Ill. 1985), 601 F. Supp. 937, 940, a case involving a "farm accident and [ ] farm owner's liability policy" which contained a household exclusion and upon which Allstate also relies in this appeal.

In *Jacobus*, the insured's wife was injured in a farm accident by a grain auger. In response to the argument that section 143.01(a) of the Insurance Code rendered the household exclusion ineffective, the court held that a grain auger could not be characterized as a vehicle within the context of section 4 of the Insurance Code, to which section 143.01(a) refers. Consequently, the court in *Jacobus* held that section 143.01(a) was inapplicable because that provision "by its very terms is meant to apply to actions for contribution arising out of vehicular injuries." 601 F. Supp. at 940.

The court in *Jacobus* went on to consider and reject a public policy argument which was essentially identical to that which was made in *Holeczy*, *i.e.*, that household exclusions should not be given effect even in policies other than those of vehicle insurance. That court made the following statement, which was quoted and, as noted above, expressly adopted by the appellate court in *Holeczy* as reflecting its own position:

> "The equities favoring the position taken by [the third-party plaintiffs] are strong. It is not within the province of this Court, however, to hold that the household exclusion should not apply in this general liability situation. The Illinois courts had previously held that the household exclusion did apply in the context of a motor vehicle contribution claim, see *Suarez* and *Palmer*, supra, and it took an act of the legislature [*i.e.*, section 143.01(a)] to change that law. To hold that the household exclusion does not apply to the contribution claim in [the underlying action arising from the grain auger injury] would be to change the law. Such a change is peculiarly within the province of the legislature." (601

F. Supp. at 941 (quoted in *Holeczy*, 152 Ill. App. 3d at 452, 504 N.E.2d at 974).)

Moreover, the court in *Jacobus* noted that liability for physical injury arising from the operation of motor vehicles was in any event excluded from coverage. *Jacobus*, 601 F. Supp. at 940.

Allstate also cites the first district case of *State Farm Fire & Casualty Co. v. Ondracek* (1988), 173 Ill. App. 3d 581, 527 N.E.2d 889. There, the court held that section 143.01(a) of the Insurance Code could not be given retroactive application to the policy involved in that case. It further stated, in language which Allstate admits is *dicta*:

"It is also notable that section 143.01 applies to policies of vehicle insurance while the policy in the present case is a general liability homeowner's policy. Because of our above discussion, there is no need to address the [insureds'] contention that section 143.01(a) applies to the claim in this case because of the statutory classification of 'vehicle insurance.' See *State Farm Fire & Casualty Co. v. Holeczy* (1987), 152 Ill. App. 3d 448, 504 N.E.2d 971; *Country Mutual Insurance Co. v. Jacobus* (C.D. Ill. 1985), 601 F. Supp. 937." 173 Ill. App. 3d at 584, 527 N.E.2d at 891.

In contrast to the cases cited by Allstate, Brettman calls our attention to the second district case of *Allstate Insurance Co. v. Eggermont* (1989), 180 Ill. App. 3d 55, 535 N.E.2d 1047, the case which the circuit court characterized as "dictat[ing] the result here." In *Eggermont*, like *Holeczy*, a child was injured by a riding lawn mower which was being operated by her brother. This injury occurred at the residence of her mother's parents subsequent to which the mother filed a personal injury action on the child's behalf against the parents and their gardener. The parents and their gardener in turn filed a counterclaim against the mother, seeking contribution and indemnification from her. 180 Ill. App. 3d at 58, 535 N.E.2d at 1047.

The mother in *Eggermont*, as in this case, was insured under a homeowner's policy with Allstate. In fact, as the trial court indicated in ruling upon the cross-motions for summary judgment here, the policy in *Eggermont* appears to be substantially the same as that issued to Brettman, including the household exclusion.[4] The mother tendered the counterclaim to Allstate, which defended under a reservation of rights and subsequently filed a declaratory judgment action. The trial court in *Eggermont* granted judgment on the plead-

---

[4]The household exclusion in this case slightly differs from that in *Eggermont* in that it includes at its end the additional language "whenever any benefit of this coverage would accrue directly or indirectly to an *insured person*." (Emphasis in original.)

ings in favor of the mother based upon its finding that the policy was ambiguous. Relying upon *Holeczy*, the trial court rejected the mother's argument that section 143.01 of the Insurance Code precluded application of the household exclusion. 180 Ill. App. 3d at 58, 535 N.E.2d at 1047-48.

On appeal, the second district in *Eggermont* disagreed with the circuit court that the policy was ambiguous but nevertheless found that there was in fact coverage, holding that section 143.01(a) rendered the household exclusion inapplicable. The court predicated this conclusion on its view that the Allstate policy, despite being entitled a homeowner's policy, was in fact a policy of vehicle insurance within the meaning of section 143.01(a). 180 Ill. App. 3d at 62, 535 N.E.2d at 1050.

In support of that conclusion, the court in *Eggermont* initially found, and noted that Allstate had essentially admitted, that a riding mower was a vehicle within the context of section 4 of the Insurance Code. (180 Ill. App. 3d at 62, 535 N.E.2d at 1050.) In addition, the court found that vehicle liability coverage was in fact provided under the Allstate homeowner's policy by way of exceptions to the policy's general motor vehicle exclusion which exclusion and exceptions provided as follows:

"We do not cover bodily injury or property damage arising out of the ownership, maintenance, use[,] occupancy, renting, loaning, entrusting, loading or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:

(a) a motorized land vehicle in dead storage or used exclusively on an *insured premises*;

(b) any motorized land vehicle designed principally for recreational use off public roads unless that vehicle is owned by an *insured person* and is being used away from an *insured premises*;

(c) a motorized wheelchair;

(d) a vehicle used to service an *insured premises* which is not designed for use on public roads and not subject to motor vehicle registration;

(e) a golf cart owned by an *insured person* when used for golfing purposes;

(f) a trailer of the boat, camp, home or utility type unless it is being towed or carried by a motorized land vehicle;

(g) *bodily injury to a residence employee.*" (Emphasis in original.) (180 Ill. App. 3d at 59, 535 N.E.2d at 1048.)

The court found that coverage for the riding mower accident was provided under the exception relating to motor vehicles used to service insured premises, exception (d). (180 Ill. App. 3d at 62, 535 N.E.2d

at 1050.) The policy issued to Brettman incorporates a provision containing an identical motor vehicle exclusion and exceptions thereto.[5]

The court in *Eggermont* further supported its conclusion that the Allstate policy contemplated insuring vehicles under certain circumstances by looking to its definition of an insured person:

> "Under the *Family Liability Protection* coverage and the *Guest Medical Protection* coverage, 'insured person' also means:
>
> * * *
>
> (d) with respect to the use of any vehicle covered by this policy, any person while engaged in the employment of an *insured person*." (Emphasis in original.) (180 Ill. App. 3d at 62-63, 535 N.E.2d at 1050-51.)

This provision also is incorporated within the policy which was issued to Brettman.

After finding that the Allstate policy was in fact a policy of vehicle insurance and that section 143.01(a) therefore precluded the application of the household exclusion, the court in *Eggermont* went on to distinguish both *Holeczy* and *Jacobus.* It found that the decision in *Holeczy* was grounded upon the specific language of the State Farm policy at issue there:

> "The court in *Holeczy* rejected the *** contention that State Farm's homeowners policy, in fact, provided vehicle coverage and thus was a policy of vehicle insurance to which section 143.01 applied, rendering the *** household exclusion unenforceable. [Citation.] However, the court in *Holeczy* reached this result through its reliance on its interpretation of State Farm's policy. *We find [that] the policy of Allstate's at issue in the instant case varies significantly from the policy at issue in Holeczy.*
>
> The court in *Holeczy* relied on a provision in State Farm's policy excluding from coverage 'bodily injuries or property damage arising out of the ownership, maintenance, use, loading or unloading of *** a motor vehicle owned or operated by, or rented or loaned to any insured.' [Citation.] In *Holeczy*, the court found that the only 'vehicle-related casualty' for which coverage might be available is one involving property damage to the mower itself as an unlicensed service vehicle under the 'personal property coverage.' [Citation.] The court in *Holeczy* reasoned that even if the riding lawn mower was a vehicle under section 4 of the [Insurance] Code [citation], State Farm's policy did not cover liability for bodily injury arising from the use of this vehicle in the first instance. Therefore, regardless of the *** household exclusion, the policy

---

[5]See footnote 2, *supra.*

certainly did not cover a third-party suit for contribution arising out of an incident for which State Farm's policy never provided coverage. [Citation.] Unlike State Farm's policy, Allstate's policy, as previously discussed, does provide liability coverage for bodily injuries arising out of the use of certain vehicles including a riding lawn mower." (Emphasis added.) 180 Ill. App. 3d at 63-64, 535 N.E.2d at 1051-52.

Thus, the court in *Eggermont* correctly pointed out that in *Holeczy* there was no liability coverage whatsoever for any injuries resulting from the use or ownership of a vehicle, whereas in *Eggermont*, as in this case, liability for injuries resulting from the use of motor vehicles was limited but not eliminated. Similarly, the court in *Eggermont* distinguished *Jacobus* based upon the fact that, unlike a riding mower, a grain auger, the *Jacobus* instrumentality, was found not to be a vehicle within the context of section 4 of the Insurance Code. Thus, section 143.01(a) would have no application. 180 Ill. App. 3d at 65, 535 N.E.2d at 1052.

We find *Eggermont* on its facts to be more applicable to this case than either *Holeczy* or *Jacobus*. As *Eggermont* points out, the policy at issue in *Holeczy* and, as we note, the policy in *Jacobus* as well, provided no liability coverage for physical injury arising from the use of a motor vehicle. In contrast, the policy in *Eggermont*, which, as noted above, was essentially identical to Brettman's policy, indisputably provided liability coverage for physical injury arising from the use of motor vehicles, at least under certain limited circumstances. Furthermore, with respect to *Jacobus*, the grain auger in that case was not found to be a vehicle within the meaning of section 4. There was no dispute that the riding mower in *Eggermont* was a vehicle within the context of section 4. Similarly, as previously noted, there is no dispute that the bicycle in the instant case is a vehicle within the meaning of section 4.

Moreover, as alluded to in *Eggermont*, under the facts in *Holeczy* and *Jacobus*, the issue concerning the applicability of section 143.01(a) should never have arisen. As noted, in *Holeczy* the policy specifically excluded any liability coverage for physical injury arising out of the use of motor vehicles, whether to family members of the named insureds or to strangers. (See *Holeczy*, 152 Ill. App. 3d at 451-52, 504 N.E.2d at 973.) Section 143.01(a) purports only to block an exclusion specifically addressed to members of the named insured's family, namely, the exclusion contained in what is commonly referred to as the household exclusion. Section 143.01(a) does not purport to extend to general exclusions which are designed to exclude coverage for liability relating to all persons, strangers as well as family

members. (See, *e.g.*, *Holeczy*, 152 Ill. App. 3d at 451-52, 504 N.E.2d at 973.) Thus, since section 143.01(a) operates to reinstate coverage only where such coverage is narrowly excluded with respect to family members, the consideration and discussion in *Holeczy* as to whether the policy in that case could be characterized as a policy of vehicle insurance were at best extraneous and superfluous.

Similarly, any consideration in *Holeczy* of any public policy argument which would seek to extend section 143.01(a) to nonvehicular insurance also would have been superfluous. Even if section 143.01(a) were to extend to nonvehicular policies, its provisions would not apply to any greater degree than they apply in policies of vehicle insurance. Thus, such application of section 143.01(a) would in any event not suffice to reinstate coverage which had been excluded under a general exclusion applicable to strangers as well as family members.

Likewise, the same considerations should apply in all respects to the policy in *Jacobus* which, like that in *Holeczy*, contained a general exclusion of liability for motor vehicles encompassing all persons, strangers as well as family members. Moreover, with respect to *Jacobus*, the instrumentality involved in that case, a grain auger, was not found to be a vehicle under section 4 of the Insurance Code and therefore would not be subsumed within the scope of section 143.01(a) for that reason as well.

Notwithstanding Allstate's contentions to the contrary, we also find *Eggermont*'s substantive analysis of the core issue to be more compelling. Section 143.01(a), by its express terms, refers to section 4 of the Insurance Code for the description of those "polic[ies] of vehicle insurance" which are within its ambit. As previously noted, section 4 in turn describes vehicle insurance as insurance for loss arising from the use of "any vehicle (motor or otherwise), draft animal or aircraft." (215 ILCS 5/4(b) (West 1992).) Thus, section 143.01(a) does not purport to limit its application to automobile insurance but rather extends to any insurance for losses arising from those instrumentalities referred to in section 4. As was noted by the court in *Eggermont*, another provision of the Insurance Code, section 143.13(a), provides an explicit definition of policies of automobile insurance. (See 215 ILCS 5/143.13(a) (West 1992).) If the General Assembly had in section 143.01(a) intended to limit the applicability of household exclusion clauses only in policies of automobile insurance, it could have more clearly shown its intent by referring to the definition provided in section 143.13(a) rather than the much broader category of vehicular coverages referred to in section 4. (See *Eggermont*, 180 Ill. App. 3d at 66, 535 N.E.2d at 1053.) Consequently, we do not find sufficient justification to arbitrarily narrow the application of

section 143.01(a) to automobile insurance only. Rather, section 143.01(a) should be given its full latitude to apply to all coverages which purport to insure losses arising from the use of any vehicle encompassed within section 4 of the Insurance Code.

Moreover, contrary to Allstate's representations, *Holeczy* and *Jacobus* do not state, either in their holdings or by way of *dicta*, that homeowner's policies could never be characterized as policies of vehicle insurance within the meaning of section 143.01(a). Nor do they assert, as Allstate contends, that section 143.01(a) was intended to apply only to policies designated as those of automobile insurance. Those cases do not purport to extend their holdings beyond the specific facts and the specific policies there in question. Those specific facts and those particular policies have been amply distinguished from those in *Eggermont* and, more importantly, from those in the case at bar. Given that the import of *Holeczy* and *Jacobus* is substantially more limited than Allstate urges, we conclude that the *dictum* from *Ondracek*, which cites only *Holeczy* and *Jacobus* as authority, is similarly limited.

We concomitantly reject Allstate's assertion that the court in *Eggermont*'s "disingenuous treatment" of *Holeczy* and *Jacobus* resulted from its desire to hold that "as a matter of public policy, household exclusions should not apply to any contribution claim." As noted above, *Holeczy* and *Jacobus* are clearly distinguishable from that case. Beyond this, there is no indication that the court in *Eggermont* attempted to extend section 143.01(a) by judicial fiat predicated upon any notion of public policy. To the contrary, it found, and in our view correctly, that the Allstate homeowner's policy was in fact "a policy of vehicle insurance" within the meaning of section 143.01(a).

CONCLUSION

For the reasons discussed above, the circuit court's grant of summary judgment in favor of Brettman and the children is affirmed.

Affirmed.

COUSINS, P.J., and McNULTY, J., concur.