THIRD DIVISION
December 6, 2006

No. 1-05-3964

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| MICHAEL A. NIEBUHR, | ) ) | No. 04 CH 08625 |
| Defendant-Appellant | ) ) | |
| (Stacy Neibuhr, Individually and as Mother and Next Friend of Amanda M. Niebuhr, James A. Huskey and Marilyn Huskey, | ) ) ) | Honorable |
| Defendants.) | ) ) | Richard A. Siebel, Judge Presiding. |

PRESIDING JUSTICE THEIS delivered the opinion of the court:

Defendant Michael A. Niebuhr (Michael)[1] appeals from an order of the circuit court

granting the motion of plaintiff, American Family Mutual Insurance Company (American Family),

for summary judgment and denying Michael's cross-motion for summary judgment in this

declaratory judgment action. On appeal, Michael contends that (1) the household exclusion

clause in his homeowner's insurance policy purchased from American Family is ambiguous and,

---

[1] Although Stacy Niebuhr, individually and as mother and next friend of Amanda M. Niebuhr, James A. Huskey, and Marilyn Huskey were named as defendants in this action in the trial court, none of them is involved in this appeal.

thus, does not exclude coverage for Michael in a third-party contribution action; and (2) if the exclusion unambiguously excludes such coverage, it is not applicable under section 143.01(a) of the Illinois Insurance Code (215 ILCS 5/143.01(a) (West 2004)). For the following reasons, we affirm.

On August 24, 2003, Michael was swimming with his minor daughter, Amanda M. Niebuhr, in Lake Michigan approximately a quarter of a mile northeast of Sunrise Beach, in Lake Bluff, Illinois. At that time, James A. Huskey was operating his boat on the lake when the boat struck Amanda, severing a portion of her leg. In October 2003, Stacy Niebuhr, individually and as next friend of Amanda, brought an action in negligence and under the section 15 of the Rights of Married Persons Act, which pertains to family expenses (750 ILCS 65/15 (West 2002)) (the negligence suit) against Huskey in the circuit court of Lake County.[2] At the time of the accident, Michael had a homeowner's insurance policy issued by American Family.

In response, James and Marilyn Huskey filed an amended complaint for exoneration from or limitation of liability in the United States District Court for the Northern District of Illinois. They also filed an amended answer and affirmative defenses to the negligence suit, together with an amended third-party complaint for contribution against Michael in the United States District Court, pursuant to admiralty law. As a result of these federal lawsuits, the negligence suit was stayed. Subsequently, the district court granted in part Stacy's motion to dismiss the exoneration

---

[2] Stacy's and Amanda's complaint against Huskey alleged that Amanda was swimming with her father "Frank" at the time of the accident. However, the complaint in this declaratory judgment action, and most other documents in the record, refer to Amanda's father as "Michael." Thus, we will refer to him only as Michael.

action, which lifted the stay on the negligence suit.  In July 2004, James Huskey's contribution action was refiled in the circuit court of Lake County.

The contribution action alleged that Michael had "a duty to supervise his daughter while in the waters of Lake Michigan, to keep her out of danger, and to keep her out of the path of oncoming motorboats."  It further alleged that Michael breached these duties by, *inter alia*, violating beach regulations by swimming and allowing Amanda to swim when the swimming season was over, the beaches were closed and no lifeguard was on duty, and failing to keep Amanda in the designated swimming area.  Further, the contribution action alleged that Michael failed to make his daughter visible to motorboats, failed to protect her, failed to make her wear a life preserver, and placed her "in a situation of peril."

On May 27, 2004, American Family filed a complaint for declaratory judgment, seeking a declaration that it had no duty to defend and/or indemnify Michael in the contribution action because the household exclusion in his homeowner's insurance policy barred such coverage.  That exclusion provided: "Intra-insured Suits.  We will not cover bodily injury to any insured."  In March 2005, American Family filed a motion for summary judgment, arguing that Amanda and Michael were insured under the policy on the date of the accident.   Thus, American Family contended, this household exclusion barred any coverage to Michael in the contribution action as that action sought to attribute liability to Michael for bodily injuries to Amanda.

In response, Michael filed a cross-motion for summary judgment, arguing that the household exclusion was ambiguous because it did not apply to exclude coverage for contribution actions.  Even if the exclusion unambiguously barred coverage for contribution actions, Michael

argued, section 143.01(a) of the Illinois Insurance Code (the Code) (215 ILCS 5/143.01(a) (West 2004)) applied to negate the application of the exclusion. Therefore, Michael asserted, American Family had a duty to defend and indemnify him in the Huskey contribution action.

On August 19, 2005, the trial court found that Michael had admitted that Amanda was his daughter, a resident of his household on August 24, 2003, and an insured under the policy at issue in this case. The court found that the household exclusion in American Family's insurance policy unambiguously excluded bodily injury to any insured and that the contribution claim sought to recover damages from Michael in an amount commensurate with his alleged negligence in causing the injuries to Amanda. Because both Michael and Amanda were insureds under the policy, the exclusion applied to bar any coverage to Michael. The court then addressed the application of section 143.01(a) to this case and found that there remained a genuine issue of material fact as to whether the inflatable raft with which Amanda was swimming was a "vehicle" within the meaning of section 143.01(a) and section 4 of the Code. 215 ILCS 5/143.01(a), 4 Class 2(b) (West 2004). The court denied both motions for summary judgment and later ordered the parties to further brief this issue.

The parties then stipulated that the raft with which Michael and Amanda were swimming at the time of the accident was inflated to an approximately five-foot by five-foot platform with an attached green and white rope that was approximately 30 feet in length. Attached to the green rope was a "metal screw pin anchor shackie or clevis, possibly used as an anchor." Attached to the other end of the rope were the remnants of a molded vinyl attachment loop that appeared to be ripped off the side of the raft. The raft itself was in the shape of the state of Wisconsin, was

4

blue in color on the bottom, and was blue with red and white print in the logo of Point Beer on the top.

On October 28, 2005, the trial court found that this insurance policy may be a policy of vehicle insurance under section 4 and section 143.01(a) of the Code only to the extent that it provided coverage relating to specific types of vehicles, none of which was involved in this accident. The court held that the policy did not contemplate providing liability coverage for the type of instrumentality, a raft, at issue. Thus, the court held, section 143.01(a) was inapplicable and the household exclusion applied. American Family, therefore, had no duty to defend or indemnify Michael in the contribution action. The court then granted American Family's motion for summary judgment and denied Michael's cross-motion. Michael then filed this timely appeal.

Summary judgment is to be granted "without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2004). When the parties file cross-motions for summary judgment, they concede the absence of a genuine issue of material fact and invite the court to decide the questions presented as a matter of law. Bangert v. Northern Trust Co., 362 Ill. App. 3d 402, 407, 839 N.E.2d 640, 645 (2005). Our standard of review is *de novo*. State Automobile Mutual Insurance Co. v. Kingsport Development, LLC, 364 Ill. App. 3d 946, 951, 846 N.E.2d 874, 879 (2006). Additionally, the construction of an insurance policy and the interpretation of a statute are questions of law that are reviewed *de novo*. Roth v. Illinois Insurance Guaranty Fund, 366 Ill.

App. 3d 787, 792, 852 N.E.2d 289, 294 (2006); Paris-Custardo v. Great American Insurance Co., 363 Ill. App. 3d 824, 827, 844 N.E.2d 1011, 1014 (2006).

An insurer's duty to defend its insured is much broader than its duty to indemnify. Kingsport Development, LLC, 364 Ill. App. 3d at 951, 846 N.E.2d at 979. To determine whether an insurer has a duty to defend, the court must compare the allegations in the underlying complaint to the relevant provisions of the insurance policy and liberally construe both in the insured's favor. State Farm Fire & Casualty Co. v. Hooks, 366 Ill. App. 3d 819, 823, 853 N.E.2d 1, 4-5 (2006). If the underlying complaint's allegations fall within, or potentially within, the policy's coverage, the insurer is obligated to defend its insured. Standard Mutual Insurance Co. v. Mudron, 358 Ill. App. 3d 535, 537, 832 N.E.2d 269, 271 (2005). The duty to indemnify arises only if the insured's activity and the resulting damage actually fall within the policy's coverage. Kingsport Development, LLC, 364 Ill. App. 3d at 951, 846 N.E.2d at 979. Because the duty to defend is broader than the duty to indemnify, we will focus first on whether American Family has a duty to defend Michael in the contribution action.

Michael first argues that the household exclusion in his homeowner's insurance policy is ambiguous. As mentioned above, this household exclusion provided: "Intra-insured Suits. We will not cover bodily injury to any insured." He concedes that the exclusion applies to suits between insureds, or suits by one insured family member against another insured family member. He also admits that both Michael and Amanda are insureds under his policy. However, Michael contends that the household exclusion does not apply to exclude coverage for third-party contribution actions because in those actions, a noninsured is suing an insured. Thus, Michael

6

argues, American Family must defend and indemnify him in the Huskey contribution action. American Family responds that the household exclusion unambiguously excludes coverage for bodily injury to any insured and applies to both direct and indirect claims. Thus, American Family asserts, the exclusion excludes coverage to Michael for the Huskey contribution action which sought recovery for Amanda's, an insured's, injuries. We agree with American Family.

In construing an insurance policy, this court's main objective is to ascertain and give effect to the intent of the contracting parties. Bohner v. Ace American Insurance Co., 359 Ill. App. 3d 621, 623, 834 N.E.2d 635, 638 (2005). The insurer has the burden to affirmatively demonstrate the applicability of an exclusion. Pekin Insurance Co. v. Miller, 367 Ill. App. 3d 263, ___, 854 N.E.2d 693, 697 (2006). Further, exclusion provisions which limit or exclude coverage must be construed liberally in favor of the insured and against the insurer. Mudron, 358 Ill. App. 3d at 537, 832 N.E.2d at 271. Where a policy provision is clear and unambiguous, its words must be given their plain, ordinary and popular meanings. Bohner, 359 Ill. App. 3d at 623, 834 N.E.2d at 638. If a provision is subject to more than one reasonable interpretation, it is ambiguous and will be construed in favor of the insured. Kingsport Development, LLC, 364 Ill. App. 3d at 951-52, 846 N.E.2d at 980. However, courts will not strain to find an ambiguity where none exists. Miller, 367 Ill. App. 3d at ___, 854 N.E.2d at 697.

We find that this household exclusion is not ambiguous and it applies to bar coverage to an insured in a third-party contribution action. This court has consistently upheld similar household exclusion clauses, finding that they unambiguously apply to exclude coverage in contribution actions. State Farm Fire & Casualty Co. v. Ondracek, 173 Ill. App. 3d 581, 583,

1-05-3964

527 N.E.2d 889, 891 (1988); Allstate Insurance Co. v. Odeh, 126 Ill. App. 3d 85, 86-87, 466 N.E.2d 1269, 1270 (1984); State Farm Mutual Automobile Insurance Co. v. Palmer, 123 Ill. App. 3d 674, 679, 463 N.E.2d 129, 133 (1984); State Farm Mutual Automobile Insurance Co. v. Suarez, 104 Ill. App. 3d 556, 559, 432 N.E.2d 1204, 1207 (1982). See also Allstate Insurance Co. v. Brettman, 275 Ill. App. 3d 1040, 1042 n.3, 657 N.E.2d 70, 72 n.3 (1995) (stating that there was "apparent unanimity with respect to the applicability of household exclusions to actions for contribution against named insureds for injuries to members of their households."); Prudential Property & Casualty Insurance Co. v. Scott, 161 Ill. App. 3d 372, 379, 514 N.E.2d 595, 599 (1987); State Farm Fire & Casualty Co. v. Holeczy, 152 Ill. App. 3d 448, 450, 504 N.E.2d 971, 972 (1987); Economy Fire & Casualty Co. v. Green, 139 Ill. App. 3d 147, 149, 487 N.E.2d 100, 102 (1985). As the Suarez court explained, in circumstances such as those in the present case, a contribution action based upon bodily injury to an insured's family member means that the third-party plaintiff and the insured are jointly liable for the injury to the family member. Suarez, 104 Ill. App. 3d at 559, 432 N.E.2d at 1207. Thus, it is as if Amanda sued Michael as a joint tortfeasor with Huskey for her injuries.

Moreover, Michael has failed to cite to any Illinois case, or even a case from another jurisdiction, in which a court has held that a household exclusion did not apply to a contribution claim. Additionally, we reject Michael's unpersuasive argument that the specific language of this household exclusion distinguishes it from the exclusions in the above-cited cases and find that any subtle differences in the exclusions are immaterial. Therefore, we continue to follow this well-established precedent and hold that the household exclusion in this case unambiguously applies to

8

bar coverage to Michael in the third-party contribution action and reject Michael's argument.

Next, Michael argues that section 143.01(a) of the Code (215 ILCS 5/143.01(a) (West 2004)) applies to bar the application of the household exclusion under the facts of this case, and thus, American Family had a duty to defend and indemnify him in the Huskey contribution action. We first note that Michael never explains under which provision in his homeowner's insurance policy he seeks coverage or why American Family had a duty to defend him based on the allegations of the contribution complaint.

Section 143.01(a) of the Code provides: "A provision in a policy of vehicle insurance described in Section 4 excluding coverage for bodily injury to members of the family of the insured shall not be applicable when a third party acquires a right of contribution against a member of the injured person's family." 215 ILCS 5/143.01(a) (West 2004). Section 4 of the Code classifies vehicle insurance as: "Insurance against any loss or liability resulting from or incident to the ownership, maintenance or use of any vehicle (motor or otherwise), draft animal or aircraft." 215 ILCS 5/4 Class 2(b) (West 2004).

The vehicle provision of Michael's homeowner's insurance policy provided an exclusion from coverage for bodily injury or property damage arising out of the ownership, supervision, entrustment, maintenance, operation, use, loading or unloading of any type of motor vehicle, motorized land conveyance or trailer. However, the policy covers injuries for certain types of motor vehicles such as a motor vehicle not subject to motor vehicle registration and used for the service of the insured residence, designed to assist the handicapped, or kept in dead storage on the insured premises. The vehicle provision also provided coverage for a motorized golf cart while

used for golfing purposes on a golf course, certain off-roading vehicles under specific circumstances, and a trailer of the boat or camper when not attached to, towed by or carried on a motor vehicle.

Michael argues that because his policy provides some limited coverage for certain types of vehicles, it is a policy of vehicle insurance within the terms of sections 143.01(a) and 4 and thus, section 143.01(a) invalidates the household exclusion. Under the facts of this case, we reject his argument. See Country Casualty Insurance Co. v. Fisher, 286 Ill. App. 3d 946, 951, 676 N.E.2d 1379, 1382-83 (1997).

We find this case to be similar to Fisher. In Fisher, seven-year-old Thomas Fisher was struck by an automobile driven by Jodi Arndt while he was crossing the street near his house. Fisher, 286 Ill. App. 3d at 948, 676 N.E.2d at 1380. Thomas, through his parents, sued Arndt for his injuries. Arndt's contribution action against Thomas's mother alleged that she failed to supervise Thomas when she had an opportunity to do so as she was in her yard in proximity of the accident at that time, and failed to train and instruct Thomas to watch for vehicles when crossing the street. At the time of the occurrence, the Fishers had a homeowner's insurance policy with provisions similar to those in the present case. Fisher, 286 Ill. App. 3d at 948, 676 N.E.2d at 1380-81. At issue was whether section 143.01(a) applied to negate the household exclusion in their policy. The Fisher court found that the statute did not apply, holding that "the injury-causing vehicle [Arndt's automobile] was not an insured vehicle and was not being operated by an insured. The subject policy is a policy of vehicle insurance under the Code only to the extent that it provides coverage relating to certain vehicles, none of which were involved in this incident."

Fisher, 286 Ill. App. 3d at 952, 676 N.E.2d at 1382. Thus, the court held, section 143.01(a) did not invalidate the household exclusion in the Fishers' policy under the facts of that case. Fisher, 286 Ill. App. 3d at 952-53, 676 N.E.2d at 1382.

Similarly, in the instant case, the injury-causing vehicle, the boat owned and operated by James Huskey, was not insured under Michael's policy and was not being operated by an insured. Rather, Michael seems to argue that because he and Amanda were swimming with a raft owned by Michael when the accident occurred, his policy was a policy of vehicle insurance under section 143.01(a). Section 143.01(a) refers to section 4 of the Code for the description of those "polic[ies] of vehicle insurance" which are within its ambit. 215 ILCS 5/143.01(a) (West 2004); Brettman, 275 Ill. App. 3d at 1050, 657 N.E.2d at 77. Section 4 defines "vehicle insurance" as insurance against any loss or liability resulting from or incident to the ownership, maintenance or use of any vehicle. 215 ILCS 5/4 Class 2(b) (West 2004). Section 143.01(a) extends to any insurance for losses arising from the use of any vehicle encompassed within section 4. Brettman, 275 Ill. App. 3d at 1051, 657 N.E.2d at 77.

First, this raft is not a "vehicle" and thus, Michael's policy cannot be considered a policy of vehicle insurance under section 4 and section 143.01(a) under the facts of this case. "Vehicle" is defined as "a means of carrying or transporting something: CONVEYANCE: as a: a carrier of goods or passengers." Webster's Third New International Dictionary 2538 (1993). In previous cases, instruments such as a riding lawn mower (Allstate Insurance Co. v. Eggermont, 180 Ill. App. 3d 55, 62, 535 N.E.2d 1047, 1050 (1989)), a golf cart (West American Insurance Co. v.

11

1-05-3964

Bedwell, 306 Ill. App. 3d 861, 866, 715 N.E.2d 759, 763 (1999)), and a bicycle[3] (Brettman, 275 Ill. App. 3d at 1043, 657 N.E.2d at 73) were found to be vehicles, while a piece of farm machinery called a grain auger was found not to be a vehicle under section 4 of the Code (Country Mutual Insurance Co. v. Jacobus, 601 F. Supp. 937, 940 (C.D. Ill. 1985)). The raft involved in this case, an inflatable, five-foot by five-foot platform in the shape of Wisconsin emblazoned with a beer logo and with no oars or paddles, is merely a novelty flotation device used for entertainment purposes and not for the transportation of passengers or goods, unlike the riding lawn mower, bicycle, or golf cart. Thus, this raft is not a vehicle under section 4.

Further, even if this type of novelty raft could be considered a vehicle, in the present case, none of the allegations in the Huskey contribution action alleged that Michael's liability to Amanda (through Huskey in contribution) arose out of Michael's negligent ownership, maintenance, or use of the raft. Michael's homeowner's insurance policy was a policy of vehicle insurance under section 143.01(a) and section 4 only to the extent that it provided coverage related to the use of certain vehicles. Fisher, 286 Ill. App. 3d at 952, 676 N.E.2d at 1383. As in Fisher, because no vehicle insured under Michael's policy was involved in Amanda's accident and the allegations of the contribution action did not allege any negligent use of any such vehicle, Michael's homeowner's policy, under the specific facts of this case, is a not a policy of vehicle insurance under section 4 of the Code. Thus, section 143.01(a) does not apply to invalidate the household exclusion.

---

[3] The parties in Brettman agreed that a bicycle was a vehicle within the meaning of section 4 of the Code. Brettman, 275 Ill. App. 3d at 1043, 657 N.E.2d at 73.

1-05-3964

Because section 143.01(a) does not apply to the specific facts of this case, the household exclusion in Michael's homeowner's insurance policy bars coverage to Michael in the Huskey contribution action. Accordingly, American Family has no duty to defend or indemnify Michael in the contribution case. Steadfast Insurance Co. v. Caremark Rx, Inc., 359 Ill. App. 3d 749, 762, 835 N.E.2d 890, 901 (2005) (holding that where there is no duty to defend, there can be no duty to indemnify). Thus, the trial court properly granted summary judgment to American Family and correctly denied Michael's cross-motion for summary judgment.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

GREIMAN and KARNEZIS, JJ., concur.