# Illinois Official Reports

## Appellate Court

---

### *Allstate Insurance Co. v. Mack*, 2016 IL App (1st) 141171

---

| | |
|---|---|
| Appellate Court Caption | ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee, v. VANITY MACK, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-14-1171 |
| Rule 23 order filed<br>Rule 23 order withdrawn<br>Opinion filed | June 30, 2016<br><br>August 15, 2016<br>August 26, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-38827; the Hon. John C. Griffin, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | A. Leo Wiggins, Jr., and Caren Schulman, both of Chicago, for appellant.<br><br>Condon & Cook, L.L.C., of Chicago (Guy M. Conti and Mark B. Ruda, of counsel), for appellee. |

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Reyes and Justice Gordon concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Vanity Mack, appeals a number of circuit court orders, which ultimately barred an underinsured motorist (UIM) claim she had initiated against plaintiff, Allstate Insurance Company. Plaintiff filed the underlying declaratory judgment in the circuit court, seeking a declaration that defendant breached the parties' contract by refusing to provide executed Health Insurance Portability and Accounting Act (HIPAA) authorization forms and to submit to an oral examination under oath. The circuit court granted summary judgment in favor of plaintiff and against defendant and denied defendant's requests for reconsideration of those decisions. On appeal, defendant contends that the rules of the American Arbitration Act (AAA) precluded her from complying with plaintiff's discovery requests because she already had demanded arbitration proceedings. Based on the following, we affirm.

¶ 2                                    FACTS
¶ 3        On October 26, 2010, defendant submitted a UIM claim to plaintiff and also filed a demand for arbitration with the AAA. In response, on December 7, 2010, plaintiff advised defendant to provide executed HIPAA authorizations and to appear for an oral examination under oath pursuant to the terms of the parties' insurance policy. Defendant concedes that she failed to comply with plaintiff's requests and additionally concedes that she failed to comply with plaintiff's subsequent repeated requests to do so. In its subsequent declaratory judgment action, plaintiff alleged defendant breached the parties' insurance contract where she failed to comply with the terms of the policy and, therefore, was barred from pursuing her UIM claim. In response, defendant filed a motion to dismiss, which was denied, and later filed a motion for summary judgment—both times arguing that the rules of the AAA regarding discovery superseded the requirements of her insurance policy; therefore, she was under no obligation to comply with plaintiff's discovery requests. Defendant's motion for summary judgment was denied, as was her motion to reconsider that finding. Plaintiff then filed a motion for summary judgment. The circuit court granted plaintiff's motion for summary judgment and denied defendant's motion to reconsider that finding. Defendant timely appealed.

¶ 4                                   ANALYSIS
¶ 5        On appeal, defendant maintains that the rules of the AAA governed the adjudication of the underlying insurance claim once she requested arbitration. More specifically, defendant argues that, because she simultaneously instituted arbitration proceedings when she submitted her UIM claim, only the arbitrator had the authority to order discovery pursuant to the AAA rules, not plaintiff. Defendant, therefore, insists that she was not obligated to comply with plaintiff's discovery requests. However, contrary to defendant's argument, the issue on appeal is not a discovery dispute *per se*. Rather, the issue is whether defendant was in breach of the parties'

contract by failing to accommodate plaintiff's requests to provide executed HIPAA authorizations and to appear for an examination under oath.

¶ 6     Summary judgment is proper and should be granted "without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). When the parties filed cross-motions for summary judgment, they conceded that there were no genuine issues of material fact and invited the court to decide the questions presented as a matter of law. *American Family Mutual Insurance Co. v. Niebuhr*, 369 Ill. App. 3d 517, 522 (2006). We review an order granting summary judgment *de novo*. *Bohner v. Ace American Insurance Co.*, 359 Ill. App. 3d 621, 623 (2005). A circuit court's finding on a motion to reconsider is reviewed for an abuse of discretion. *General Motors Acceptance Corp. v. Stoval*, 374 Ill. App. 3d 1064, 1078 (2007).

> "The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court and, thus, are appropriate subjects for disposition by way of summary judgment. [Citation.] In construing an insurance policy, the primary function of the court is to ascertain and enforce the intentions of the parties as expressed in the agreement. [Citation.] To ascertain the intent of the parties and the meaning of the words used in the insurance policy, the court must construe the policy as a whole, taking into account the type of insurance for which the parties have contracted, the risks undertaken and purchased, the subject matter that is insured, and the purposes of the entire contract.
>
> If the words in the policy are clear and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *Bohner*, 359 Ill. App. 3d at 623-24.

¶ 7     We find the terms of the insurance policy at issue here were clear and unambiguous. Under the section dedicated to UIMs' insurance coverage, the parties' policy stated the following:

> "Proof of Claim; Medical Reports
>
> As soon as possible, any person making [a] claim must give us written proof of [the] claim. It must include all details we may need to determine the amounts payable. We may also require any person making [a] claim to submit to [an] examination under oath and sign the transcript.
>
> The insured person may be required to take medical examinations by physicians we choose, as often as we reasonably require. We must be given authorization to obtain medical reports and copies of records."

Therefore, according to the plain policy language, in order to make a UIM claim, defendant was required to provide written proof of the claim with "all details [plaintiff] may need to determine the amounts payable." This included executing a nonoptional authorization to obtain medical reports and copies of records, along with possibly having to submit to an oral examination under oath. As expressly provided by the insurance policy, plaintiff instructed defendant that, in order to review her UIM claim, it needed executed HIPAA authorizations, as well as for her to submit to an oral examination under oath. Plaintiff's requests clearly were supported by the plain language of the proof of claim notice provided in the insurance policy. Defendant concedes that she failed to comply with plaintiff's requests and, therefore, breached

the terms of the parties' insurance policy. As a result, defendant was not entitled to pursue her UIM claim. We, therefore, find plaintiff was entitled to summary judgment.

¶ 8    We acknowledge that the insurance policy also contained a section titled "If We Cannot Agree." The section provided, in relevant part:

> "If the insured person or we don't agree on that person's right to receive any damages or the amount, then upon the written request of either, the disagreement will be settled by arbitration. Arbitration will take place under the rules of the American Arbitration Association unless the insured person or we object."

Based on its plain language, the arbitration section presumes the parties were unable to come to an agreement prior to instituting the arbitration process. There was no such disagreement here. In fact, review of the UIM claim had not yet been completed because defendant failed to comply with the terms of claim submission. Where plaintiff had not yet presented a finding as to defendant's rights to receive any damages or an amount, there was no disagreement upon which to institute arbitration proceedings. We, therefore, find that the AAA rules did not prohibit compliance with the terms of the insurance policy.

¶ 9                                      CONCLUSION

¶ 10    In sum, we conclude the circuit court properly denied summary judgment against defendant and granted summary judgment in favor of plaintiff. We, therefore, find the circuit court did not abuse its discretion in denying defendant's motions to reconsider those findings.

¶ 11    Affirmed.