WEST AMERICAN INSURANCE COMPANY, Plaintiff-Appellant, v. DARYL BEDWELL *et al.*, Defendants-Appellees.

Third District   No. 3—98—0978

Opinion filed August 4, 1999.

Robert Marc Chemers and Patrick G. Cooke (argued), both of Pretzel & Stouffer, Chartered, of Chicago, for appellant.

Jeff W. DeJoode (argued), of March, McMillan & DeJoode, P.C., of Macomb, for appellees Crystal Bedwell and Daryl Bedwell.

Allen Verchota, of Tummelson, Bryan & Knox, and Scott Dempsey (argued), both of Urbana, for appellee Bushnell Golf Club, Inc.

JUSTICE KOEHLER delivered the opinion of the court:

The plaintiff-appellant, West American Insurance Company (West American), appeals from the McDonough County circuit court's order denying its motion for judgment on the pleadings and granting the defendants-appellees' motion for summary judgment. On review, this court answers the following question: Did the circuit court err when it concluded that, under the Illinois Insurance Code (215 ILCS 5/143.01(a) (West 1996)), West American owes a duty to defend its policyholders against claims for contribution deriving from a personal injury action? Because we conclude that the circuit court did not err, we affirm.

## FACTS

Curtis Bedwell (Curtis), son of Daryl and Crystal Bedwell (the Bedwells), was riding on a rented golf cart with Daryl and a friend at Bushnell Golf Club (Bushnell) when Curtis was struck in the head by a golf ball hit by Gregory Kreps, another golfer. Curtis suffered head injuries, and the Bedwells filed a personal injury action against Kreps and Bushnell. Alleging negligence, both Bushnell and Kreps filed counterclaims for contribution against the Bedwells. West American denied the Bedwells' request for West American to defend them against the counterclaims pursuant to their homeowner's insurance policy. West American based its denial on the policy's household exclusion under which bodily injuries to the insured are not covered.

West American filed a complaint for declaratory judgment asking the circuit court to conclude that under the policy it does not owe a

duty to defend the Bedwells against the counterclaims. The Bedwells filed a counterclaim for declaratory judgment seeking a declaration that West American owes a duty to defend. West American also filed a motion for judgment on the pleadings, and the Bedwells filed a motion for summary judgment asking the circuit court to conclude that, under section 143.01 of the Illinois Insurance Code, the policy's household exclusion does not apply and, therefore, West American owes a duty to defend. Subsequently, the circuit court concluded that: (1) a golf cart is a vehicle; (2) the Insurance Code precludes the policy's household or family member exclusion and transforms the homeowner's policy into a policy of vehicle insurance; and (3) West American has a duty to defend the counterclaims filed against the Bedwells. West American now appeals from the order denying its motion for judgment on the pleadings and granting the Bedwells' summary judgment.

## ANALYSIS

■ The issue before this court is whether the circuit court erred when it concluded that West American owes a duty under the insurance policy and, therefore, denied the motion for judgment on the pleadings and granted summary judgment. A motion for judgment on the pleadings requires a determination of whether the pleadings raise any issue of material fact. *Kahn v. Aetna Casualty & Surety Co.*, 186 Ill. App. 3d 803, 805, 542 N.E.2d 878, 880 (1989). If there is no issue of material fact, the movant is entitled to judgment as a matter of law. *Kahn*, 186 Ill. App. 3d at 805, 542 N.E.2d at 880. Additionally:

"In appeals from summary judgment rulings, we conduct a *de novo* review. [Citations.] Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. [Citation.] *** Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. [Citation.]" *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992).

The construction of an insurance policy is also a matter of law that we review *de novo*. *State Farm Mutual Automobile Insurance Co. v. Villicana*, 181 Ill. 2d 436, 441, 692 N.E.2d 1196, 1199 (1998).

West American argues that the policy's household exclusion applies in these circumstances and, therefore, it does not owe a duty to the insured or to the insured's family members. According to West American, because the counterclaims are all related to Curtis' bodily injuries, they fall under the household exclusion of insureds. West American asserts that section 143.01 does not render the exclusion inapplicable because a golf cart is not a vehicle as defined by the Illinois Vehicle Code (625 ILCS 5/1—217 (West 1996)) and the vehicle-

related insurance that the policy does provide is too limited to classify the policy as vehicle insurance under the Insurance Code. Even if the golf cart is a vehicle, section 143.01 does not apply because, although Curtis' injury occurred while he was situated on the golf cart, the golf cart did not cause the injury.

The Bedwells argue that West American's policy provides coverage for a golf cart and is, therefore, a policy of vehicle insurance to which the Insurance Code applies. The Bedwells assert that the Insurance Code does not define vehicle and, therefore, the term should be given its ordinary meaning. Moreover, the Illinois Vehicle Code (625 ILCS 5/11—1428(d) (West 1996)) defines a golf cart as a vehicle. The Bedwells contend that because section 143.01 applies to render the policy's household exclusion inoperative, West American owes a duty to defend.

■ ■ "In construing an insurance policy, the court must ascertain the intent of the parties to the contract. [Citation.]" *Outboard Marine Corp.*, 154 Ill. 2d at 108, 607 N.E.2d at 1211. In so doing, the court construes the policy as a whole "with due regard to the risk undertaken, the subject matter that is insured and the purposes of the entire contract [citation]." *Outboard Marine Corp.*, 154 Ill. 2d at 108, 607 N.E.2d at 1211. Where the policy's words are unambiguous, the plain, ordinary and popular meaning must be given them. *Outboard Marine Corp.*, 154 Ill. 2d at 108, 607 N.E.2d at 1211. However, if the words are ambiguous, the policy will be construed in favor of the insured and against the insurer who drafted the policy. *Outboard Marine Corp.*, 154 Ill. 2d at 108, 607 N.E.2d at 1211. Additionally, "it is [well settled] that, in determining whether an insurer has a duty to defend its insured, the court must look to the allegations in the underlying complaint and compare these allegations to the relevant coverage provisions of the insurance policy. [Citation.]" *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 393, 620 N.E.2d 1073, 1079 (1993). "If the facts alleged *** fall within, or potentially within, the policy's coverage provisions, then the insurer has a duty to defend the insured in the underlying action. [Citation.]" *Crum & Forster*, 156 Ill. 2d at 393, 620 N.E.2d at 1079. "The insurer's duty to defend is much broader than its duty to indemnify its insured. [Citation.]" *Crum & Forster*, 156 Ill. 2d at 393-94, 620 N.E.2d at 1079.

West American's policy provides: "Personal liability does not apply to[ ] bodily injury to you or an insured within the meaning of part a. or b. of 'insured' as defined." "Insured" is defined as "[y]ou and residents of your household who are *** your relatives." The policy further provides:

> "Coverage E *** medical payments to others do not apply to bodily injury or property damage:

* * *

e. arising out of:
(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances *** owned or operated by or rented or loaned to an insured;
This exclusion does not apply to:
* * *
(3) a motorized golf cart when used to play golf on a golf course."
Plainly, the West American policy excludes coverage for bodily injury of insureds. It also excludes coverage, with exceptions, for injuries to persons other than insureds arising out of the use of motor vehicles. However, the use of a motorized golf cart when used to play golf on a golf course is an exception to this exclusion. Under its own terms, therefore, the policy provides coverage for persons other than insureds for injuries related to some motor vehicles.

Does section 143.01 render the household exclusion inapplicable under these facts, thereby requiring West American to defend its insureds? In interpreting a statute, the court will give effect to the legislature's intent. *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill. 2d 429, 593 N.E.2d 522 (1992). The plain language, if not ambiguous, should be given effect. *Piatak v. Black Hawk College District No. 503*, 269 Ill. App. 3d 1032, 647 N.E.2d 1079 (1995).

The Illinois Insurance Code provides:
"A provision in a policy of vehicle insurance described in Section 4 excluding coverage for bodily injury to members of the family of the insured shall not be applicable when a third party acquires a right of contribution against a member of the injured person's family." 215 ILCS 5/143.01(a) (West 1996).
Section 4 of the Insurance Code defines vehicle insurance as:
"Insurance against loss or liability resulting from or incident to the ownership, maintenance or use of any vehicle (motor or otherwise), draft animal or aircraft, excluding the liability of the insured for the death, injury or disability of another person." 215 ILCS 5/4(e) (West 1996).

■ Interpreting the plain language of section 143.01, Illinois courts have concluded that a homeowner's policy may be a policy of vehicle insurance that renders a homeowner's policy household exclusion inapplicable. In *Allstate Insurance Co. v. Eggermont*, 180 Ill. App. 3d 55, 535 N.E.2d 1047 (1989), the defendant's son struck her daughter with the rider lawnmower he was driving. The Appellate Court, Second District, concluded:
"[W]e do not *** hold that a family household exclusion, contained in an insurance policy which also provides some vehicle insurance, is totally inapplicable even where no vehicle is involved in the

incident giving rise to the liability of the insured. We only hold that to the extent a policy of insurance, or a part thereof, provides vehicle insurance as defined under Class 2(b) of section 4, and only to such extent, section 143.01 applies and renders the household family exclusion contained in the policy inapplicable to third-party suits for contribution against a member of the injured person's family." *Eggermont*, 180 Ill. App. 3d at 66, 535 N.E.2d at 1053.

In *Allstate Insurance Co. v. Brettman*, 275 Ill. App. 3d 1040, 657 N.E.2d 70 (1995), the defendant's children were struck and injured by an automobile as the defendant was walking a bicycle with a carrier, in which the children were riding, across an intersection. The Appellate Court, First District, concluded:

"If the General Assembly had in section 143.01(a) intended to limit the applicability of household exclusion clauses only in policies of automobile insurance, it could have more clearly shown its intent by referring to the definition provided in section 143.13(a) rather than the much broader category of vehicular coverages referred to in section 4. [Citation.] *** Rather, section 143.01(a) should be given its full latitude to apply to all coverages which purport to insure losses arising from the use of any vehicle encompassed within section 4 of the Insurance Code." *Brettman*, 275 Ill. App. 3d at 1050-51, 657 N.E.2d at 777.

Although West American argues that a golf cart is not a vehicle as defined under the Illinois Vehicle Code (625 ILCS 5/1—217 (West 1996)), we agree with the First District in concluding that section 143.01 should be given its full latitude in its application. The legislature used broad language; we will not rewrite the legislation by unnecessarily narrowing the language that the legislature chose to use. Where the legislature did not choose to employ such language and where we discern no evidence that the legislature intended such an application, we will not require such an interpretation.

■ Moreover, as already discussed, the policy itself categorizes a golf cart as a vehicle and provides coverage for bodily injury or property damage arising out of its use to play golf on a golf course. Having included the golf cart in a section of the policy on coverage and exclusion of coverage for vehicles, we do not accept West American's assertion that the golf cart is not a vehicle. We conclude, therefore, to the extent that the West American policy provides vehicle insurance, it is a policy of vehicle insurance and section 143.01 renders the household exclusion inapplicable. Accordingly, we conclude that because the West American policy is a policy of vehicle insurance where a golf cart is involved, as in this case, the household exclusion is inapplicable and West American owes a duty to defend.

■ We also disagree with West American's assertion that the injury

was not caused by the golf cart and, therefore, it owes no duty to Curtis. The policy uses the language "arising out of" when describing its coverage. "The phrase 'arising out of' is both broad and vague, and must be liberally construed in favor of the insured; accordingly, 'but for' causation, not necessarily proximate causation, satisfies this language. [Citations.] 'Arising out of' has been held to mean 'originating from,' 'having its origin in,' 'growing out of' and 'flowing from.' [Citation.]" *Maryland Casualty Co. v. Chicago & North Western Transportation Co.*, 126 Ill. App. 3d 150, 154, 466 N.E.2d 1091, 1094 (1984). West American wrote the policy in question. West American chose the policy's language and could have chosen "caused" instead of "arising out of" if that is what it meant. We will not rewrite its policy at its request; we will only interpret the language it has provided. Accordingly, we conclude that West American may not avoid its duty by invoking the "arising out of" language.

## CONCLUSION

In sum, we conclude that the circuit court did not err in determining that: (1) the insurance policy is transformed into a policy of vehicle insurance; (2) under section 143.01, the household exclusion is rendered inapplicable; and (3) West American owes a duty to defend. Accordingly, we affirm.

Affirmed.

HOLDRIDGE, P.J., and BRESLIN, J., concur.